**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAMES STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00183-ACL |
| ) | |
| BILLY JOLE STANFELD, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff James Stewart for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $37.10. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 5). The account statement shows an average monthly deposit of $185.50. The Court will therefore assess an initial partial filing fee of $37.10, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming the following six defendants: (1) Police Chief Billy Jole Stanfeld; (2) Officer Larry Jared; (3) Officer John R. Trimm; (4) Nurse Christian Tate; (5) the City of Steele Police Department; and (6) Correctional Officer Nakita Vower. (Docket No. 1 at 2-4). Defendants Stanfeld, Jared, Trimm, Tate, and Vower are sued in both their official and individual capacities.

The complaint is on a Court-provided 42 U.S.C. § 1983 form. In the "Statement of Claim" section, plaintiff has used the space provided to name some of the defendants in this action. His allegations are presented on three additional sheets of paper that have been attached to the complaint. To better understand the nature of plaintiff's claims, the Court will go through each of the pages below.

On the first page, plaintiff asserts that he is "writing due to…passing out" because of his "diabetics." (Docket No. 1 at 11). When he passed out, he hit his head and "was unresponsive."

3

Plaintiff states that "[t]hey then threw me in the holding cell B-6," and that he cannot provide the date and time because "[Pemiscot] County deleted [his] grievance form." There is no indication as to which defendants were involved in this incident.

On the second page, plaintiff asserts that defendant Jared ran him "off the [road] at gun point at 3 a.m. for no reason," and that he robbed him for "300 bucks on" his birthday. (Docket No. 1 at 12). Plaintiff further states that Jared "put fake" gun charges on him that were later thrown out by a judge. He also alleges that Jared has been "going around town looking for" him, that Jared has been "texting [plaintiff's] inbox" and "calling [him] all types of names," and that Jared has also been calling his wife and mother looking for him.

As to defendant Trimm, plaintiff asserts that Trimm charged him "with fake [charges] as well." He speculates that this occurred because Trimm and "[plaintiff's] step father have [a drug business] going" on, and that Trimm "came up short [and] put the blame on" him. Plaintiff also alleges that Trimm "bust[ed] [his] head and burn[ed] down [his] house." He insists that "[i]t got to the point that the mayor call[ed] [him] down town [to] ask [him] why" he had not filed "a lawsuit on them because if not they [were going] to kill" him.

On the third page, plaintiff lists the names, addresses, and telephone numbers of four purported witnesses for his case. (Docket No. 1 at 13). He provides no indication as to what they witnessed.

Plaintiff has left the "Injuries" section of his form complaint blank. (Docket No. 1 at 3). Nevertheless, he seeks $1 million "or mor[e]" in damages "for unusual punishment and false imprisonment." (Docket No. 1 at 5). Plaintiff also feels that defendants "need to be in jail for the [false] statement[s]" they made, and for lying in his case.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court must dismiss this action without prejudice.

### A. Steele Police Department

Plaintiff has named the Steele Police Department as a defendant in his action. A police department, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"). *See also Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Because it is not suable, plaintiff's claim against the Steele Police Department must be dismissed.

### B. City of Steele

Even if the City of Steele is substituted as a defendant in place of the Steele Police Department, plaintiff has still failed to state a claim. A local governing body such as the City of Steele can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure

to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Steele.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

   3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

  Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

  Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff presents no facts whatsoever to support the proposition that the City of Steele violated his constitutional rights due to an unconstitutional policy, custom, or failure to train.

  First, with regard to policy, plaintiff has not pointed to any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [City of Steele's] governing body" as being at issue in this case, let alone harming him by violating his constitutional rights. Certainly, he has not alleged facts demonstrating that his rights were violated due to "a deliberate

choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Instead of presenting facts supporting the inference that the City of Steele is somehow liable to him, plaintiff's facts – such as they are – focus on the actions of two individuals.

Second, as to custom, plaintiff has not alleged the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of Steele employees, much less that Steele policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Rather than a persistent pattern of misconduct, plaintiff has presented vague, fragmentary, and conclusory facts regarding the actions of two individuals who are supposedly police officers for the City of Steele. This is not sufficient to assert an unconstitutional custom attributable to the city.

Third, regarding a failure to train, plaintiff has not shown that the City of Steele was deliberately indifferent. That is, he has not asserted that the City of Steele "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this is done by alleging a "pattern of similar constitutional violations by untrained employees." As noted above, however, plaintiff has not established any sort of pattern of constitutional violations.

Finally, to the extent that plaintiff seeks to hold the City of Steele liable for the actions of its employees, the Court notes that a municipality cannot be held liable merely because it employs a tortfeasor. *A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality…cannot be liable on a respondeat superior theory").

For all these reasons, plaintiff has not stated a claim against the City of Steele. Therefore, any claim against the City of Steele must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged

no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Official Capacity Claims

Plaintiff has sued defendants Stanfeld, Jared, Trimm, Tate and Vower in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Defendants Stanfeld, Jared, and Trimm are alleged to be employed by the City of Steele. Thus, the official capacity claims against them are treated as claims against the city itself, their employer. To prevail, plaintiff must establish the City of Steele's liability for the alleged conduct. As discussed at length above, however, plaintiff has not stated a claim against the City of Steele. Therefore, the official capacity claims against defendants Stanfeld, Jared, and Trimm must be dismissed.

Meanwhile, defendants Tate and Vower are alleged to be employed by Pemiscot County. Accordingly, the official capacity claims against them are treated as being made against the county. To prevail, plaintiff must demonstrate that he was harmed due to a Pemiscot County policy,

custom, or failure to train. *See Mick*, 883 F.3d at 1079 (explaining that municipal liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise"). Plaintiff has not presented facts supporting the proposition that Pemiscot County had an unconstitutional policy or custom, or was deliberately indifferent in failing to train or supervise its employees. More to the point, Pemiscot County is not mentioned anywhere at all in the complaint, other than to note that defendants Tate and Vower worked at the Pemiscot County Jail. Therefore, the official capacity claims against Tate and Vower must be dismissed.

### D. Individual Capacity Claims

Plaintiff has also sued defendants Stanfeld, Jared, Trimm, Tate and Vower in their individual capacities. Individual liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, plaintiff must allege facts connecting each defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

### i. Defendants Stanfeld, Tate, and Vower

Plaintiff has not adequately alleged the personal responsibility of defendants Stanfeld, Tate, and Vower for violating his constitutional rights. More precisely, plaintiff has not presented any factual allegations against them at all. Though they appear listed as defendants, they are nowhere mentioned in plaintiff's "Statement of Claim." Simply listing an individual as a defendant is not sufficient to assert their responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them); and *Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in the complaint, and who were not alleged to have been personally involved in the constitutional violations). Therefore, the claims against defendants Stanfeld, Tate, and Vower must be dismissed.

### ii. Defendants Jared and Trimm

Plaintiff has made allegations of a sort against defendants Jared and Trimm. However, the facts he has presented are not sufficient to state a 42 U.S.C. § 1983 claim for the following three reasons.

#### a. Failure to Establish Defendants Acted Under Color of Law

First, plaintiff has not demonstrated that Jared and Trimm were acting under color of law. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). "Generally speaking, a public employee acts under color of law when he exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed

11

with the authority of state law." *Johnson v. Phillips*, 664 F.3d 232, 239-40 (8th Cir. 2011). This element of a § 1983 claim is satisfied if a defendant acts or purports to act in the performance of his official duties, even if he oversteps his authority and misuses his power. *Dossett v. First State Bank*, 399 F.3d 940, 948 (8th Cir. 2005). However, "[a]cts of officials in the ambit of their personal pursuits are plainly excluded from Section 1983 liability." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014).

In this case, plaintiff asserts that both Jared and Trimm are police officers. "[W]hether a police officer is acting under color of state law turns on the nature and circumstances of the officer's conduct and the relationship of that conduct to the performance of his official duties." *Roe v. Humke*, 128 F.3d 1213, 1216 (8th Cir. 1997). Without an "actual or purported relationship between the officer's conduct and his duties as a police officer, the officer cannot be acting under color of state law." *Ramirez-Peyro v. Holder*, 574 F.3d 893, 900 (8th Cir. 2009). Factors as to whether a police officer is acting under color of state law include: "whether the officer is on duty and in uniform, the motivation behind the officer's actions, whether the officer had access to the victim because of his position, and whether the officer threatened official conduct in the future." *Magee*, 747 F.3d at 535.

Here, plaintiff has not adequately demonstrated that Jared and Trimm were acting under color of law when they interacted with him. That is to say, he has not alleged that they were acting in the performance of their official duties as police officers. For example, plaintiff accuses Jared of robbing $300 from him on his birthday, but presents no facts to show that Jared took this action under color of law. Specifically, he does not assert that Jared was on duty and in uniform when the robbery took place; makes no mention of Jared's potential motivations; does not assert that Jared

had access to him because of Jared's position; and does not allege that Jared threatened him with official conduct in the future.

Likewise, plaintiff's allegations against Trimm do not show that Trimm was acting in the performance of his duties. Quite to the contrary, he suggests that Trimm took action against him because Trimm "came up short" in his "drugs business." Furthermore, without further factual support, the Court cannot find any relationship between Trimm's purported burning of plaintiff's house and his duties as a police officer.

Taken as a whole, plaintiff's "Statement of Claim" regarding Jared and Trimm is fragmentary, conclusory, and lacks any explanatory context. Thus, there is no indication that the accusations leveled against these defendants – including being run off the road, robbed, assaulted, and having his house burned – occurred while defendants were in uniform, on duty, and performing their functions as law enforcement officers. As such, plaintiff has failed to demonstrate the first element of a 42 U.S.C. § 1983 claim.

### b. Failure to Establish that Defendants Violated His Constitutional Rights

Relatedly, plaintiff has failed to establish a causal link between the actions taken by Jared and Trimm and the violation of his federally protected constitutional rights. The paucity of his facts simply do not plausibly state the existence of a constitutional violation. For instance, without any additional enhancement, plaintiff writes that "Larry Jared ran [him] off the road at gun point at 3 a.m. for no reason." Because plaintiff makes no effort to describe the circumstances, it is unclear if this took place in the context of a police chase, with Jared driving a patrol car and attempting to effect an arrest, or whether this was a personal matter having nothing to do with the execution of Jared's law enforcement duties. In any event, without additional allegations, plaintiff has not shown that a potential Fourth Amendment violation occurred.

Similarly, plaintiff accuses Trimm of busting him on the head. Aside from this statement, there is not a single other fact describing the situation in which this occurred. Thus, plaintiff has not adequately described an act of excessive force under the Fourth Amendment.

Because plaintiff has not established a causal link demonstrating the liability of Jared and Trimm, he has failed to state a 42 U.S.C. § 1983 claim.

### c. Claim Regarding False Charges and False Arrest

Plaintiff has accused both Jared and Trimm of placing false charges against him. With regard to these particular allegations, the Court can assume that Jared and Trimm were acting under color of state law. However, plaintiff has provided absolutely no support for his conclusion that Jared and Trimm indeed falsely accused him, leading to a subsequent false arrest and imprisonment. That is, plaintiff has not provided even the most minimal factual allegations showing that Jared and Trimm had him arrested or charged without any supporting probable cause, or that explains why he believes they put "fake" charges on him.

Instead of providing such facts, plaintiff relies solely on labels and legal conclusions. This is not sufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); and *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement"). For this reason as well, plaintiff has failed to state a claim against defendants Jared and Trimm.

### E. Deliberate Indifference Claim

Aside from the claims against Jared and Trimm, plaintiff also notes that he passed out due to his diabetes, hit his head, and was placed into a holding cell. To the extent that he is attempting to state a deliberate indifference claim, however, he has not provided sufficient factual allegations to demonstrate that he suffered from an objectively serious medical need, and that any of the defendants actually knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). That is, plaintiff has not indicated that any defendants intentionally denied or delayed his access to medical care, intentionally interfered with his treatment, or intentionally interfered with his prescribed medication. *See Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). While he asserts that he passed out, he does not allege that he passed out because of anything that defendants did or did not do. Likewise, plaintiff appears to complain that he was placed in a holding cell, but does not suggest that any required medical treatment was denied to him. For these reasons, plaintiff's deliberate indifference claim must be dismissed.

### F. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $37.10 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 9th day of March, 2022.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE